UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONNECTICUT STATE POLICE UNION,<br><br>  Plaintiff,<br>v.<br><br>JAMES ROVELLA, Commissioner of Department of Emergency Services & Public Protection,<br><br>  Defendant. | 3:20-cv-01147 (CSH)<br><br>**NOVEMBER 10, 2020** |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR AN INJUNCTION PENDING APPEAL

**HAIGHT, Senior District Judge**:

On October 13, 2020, this Court issued a Ruling, 2020 WL 6042071, familiarity with which is assumed, denying Plaintiff CSPU's motion to preliminarily enjoin Sections 8 and 9 of Connecticut Public Act No. 20-1. Those sections require disclosure of state police disciplinary records under the Connecticut Freedom of Information Act (FOIA). On October 15, 2020, the CSPU appealed the Court's Ruling to the Second Circuit. Doc. 29.

The CSPU now moves for an injunction pending the appeal. Doc. 31. That injunction, if granted, would enjoin the Defendant Commissioner "from disseminating information about internal affairs investigations with a disposition of exonerated, unfounded, or not sustained until the Second Circuit rules on the merits of the Plaintiff's appeal." Plaintiff's Reply Brief [Doc. 34] at 5.

1

The Defendant Commissioner opposes the CSPU's motion. He argues, correctly, that Plaintiff is requesting, in the form of an injunction pending appeal, precisely the same relief the Court has already denied. *See* Doc. 33.

The CSPU's present motion is governed by Rule 8 of the Federal Rules of Appellate Procedure, captioned "Stay or Injunction Pending Appeal," which provides in Rule 8(a)(1): "A party must ordinarily move first in the district court" for specified kinds of relief, including *inter alia* "a stay of the judgment or order of a district court pending appeal," Rule 8(a)(1)(A), and an order "granting an injunction while an appeal is pending," Rule 8(a)(1)(C).

In the case at bar, the CSPU's motion falls within Rule 8(a)(1)(C). The CSPU is not asking this Court to *stay* its prior order pending appeal. I am asked to *grant an injunction* against the Commissioner pending appeal, the same relief which I declined to grant in the order appealed from.

The distinction is significant. In *Respect Maine PAC v. McKee*, 562 U.S. 996 (2020), the Supreme Court dealt with an application for an injunction pending an appeal from a court of appeals. The Supreme Court's memorandum opinion notes that the Court granted relief pending appeal in *McComish v. Bennett*, 560 U.S. 938 (2010), "which concerned a constitutional challenge to an Arizonan law similar to the Maine law challenged by applicants here," but goes on to say:

> The *McComish* applicants, however, requested a stay of an appeals court decision, whereas applicants here are asking for an injunction against enforcement of a presumptively constitutional state legislative act. Such request demands a significantly higher justification than a request for a stay, because unlike a stay, an injunction does not simply suspend judicial alteration of the status quo but grants judicial intervention that has been withheld by lower courts.

562 U.S. at 996 (citation and internal quotation marks omitted). The case at bar resembles *Respect Maine* in that the plaintiffs in both cases asked for an injunction "against enforcement of a

2

presumptively constitutional state legislative act."

The Supreme Court has subsequently cited and followed the analysis in *Respect Maine*. *See South Bay United Pentecostal Church v. Newsom*, 140 S.Ct. 1613 (2020), where applicants sought to enjoin a state governor's executive order, the Court denied the application, cited *Respect Maine*, quoted its language that "such a request demands a significantly higher justification than a request for a stay," and added: "This power is used where the legal rights at issue are indisputably clear and, even then, sparingly and only in the most critical and exigent circumstances." 140 S. Ct. at 1613 (citation and internal quotation marks omitted); *Hobby Lobby Stores, Inc. v. Sebelius*, 568 U.S. 1401, 1403 (2012) (Sotomayor, *J.*, sitting as single Justice) (injunction sought pending appeal to circuit court; "Applicants do not satisfy the demanding standard for the extraordinary relief they seek. First, whatever the ultimate merits of the applicants' claims, their entitlement to relief is not indisputably clear.") (citing *Respect Maine,* other citations and internal quotation marks omitted).[1]

The CSPU's reply brief argues at 3 that these Supreme Court statements, involving "a different procedure before a different Court," are "entirely irrelevant to this case," which is characterized as "a FRAP 8 motion." The CSPU contends that "the controlling standard clearly articulated by the Second Circuit in *LaRouche* [*v. Kezer*, 20 F.3d 68, 72 (2d Cir. 1994)] governs the Plaintiff's motion." *Id.* at 2. Plaintiff extracts from *LaRouche* the statement that in the Rule 8 context, "a grant of injunctive relief does not depend solely or even ordinarily on a consideration of the merits."

---

[1] This perception is shared by a leading text writer. "There is a considerable reluctance in granting an injunction pending appeal when to do so, in effect, is to give the appellant the ultimate relief being sought. Thus, to succeed in obtaining an injunction in these circumstances, the appellant will be required to show a great likelihood that he will prevail when the case finally comes to be heard on the merits and that a denial of interim relief will result in irreparable injury." Wright & Miller, *Federal Practice & Procedure* § 2904 (3d ed.) (citing cases).

These contentions are not persuasive. The Second Circuit's opinion in *LaRouche* antedates the Supreme Court's memoranda decisions in *Respect Maine* and its progeny. An injunction is an equitable remedy. The *Respect Maine* line of cases describes in general terms the criteria a court sitting in equity should apply in granting or refusing an injunction pending appeal. The CSPU, by asking me for an injunction pending its appeal to the Second Circuit, clothes me in the robes of a chancellor in equity. It would be foolish for me to disregard what the Supreme Court has recently said about how such judges should behave. The *Respect Maine* line of cases are not "irrelevant" to the present motion, as the CSPU contends. Those cases are instructive.

The instruction I receive is that in order to justify an injunction by the district court granting injunctive relief pending appeal of the district court's denial of that same relief, the CSPU must show that its rights to an injunction are "indisputably clear." I have considered the matter anew, and cannot reach that conclusion. This Court's refusal to grant the injunction in question seemed right to me at the time, and still does.

The Second Circuit may, of course, take an entirely different view when it decides the appeal: I recognize my humble station. However, the present question arises under Fed. App. R. 8(a)(1)(C). For the foregoing reasons, the Plaintiff's motion for an injunction pending the appeal in this case is DENIED by this District Court.

It is SO ORDERED.

Dated:      November 10, 2020
            New Haven, CT

                                                      /s/ *Charles S. Haight, Jr.*
                                                    CHARLES S. HAIGHT, JR.
                                                    Senior United States District Judge